**UNITED STATES of America,**
**Appellee,**

v.

**Tone N. GRANT, Defendant–Appellant,**

**Phillip R. Bennett, Robert C.**
**Trosten, Defendants.**

**Nos. 08–4250 (L), 08–4964–cr (CON).**

United States Court of Appeals,
Second Circuit.

July 1, 2009.

Christopher L. Garcia, Jonathan S. Kolodner, Assistant United States Attorneys, for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Aitan D. Goelman, Roger E. Zuckerman, David A. Reiser, Benjamin M. Block, Zuckerman Spaeder, LLP, Washington D.C., for Defendant–Appellant.

PRESENT: Hon. B.D. PARKER and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. MIRIAM GOLDMAN CEDARBAUM, District Judge.*

### SUMMARY ORDER

Defendant Tone N. Grant appeals from a judgment of conviction of the United States District Court for the Southern District of New York (Buchwald, *J.*) on various charges in connection with the collapse of Refco, Inc., the financial services firm. We assume the parties' familiarity with the factual and procedural history of this case, as well as the issues on appeal.

■ Grant's arguments largely concern notes he took at a meeting with Phillip Bennett, his alleged co-conspirator. At trial, Grant sought to admit the testimony of his former lawyers to explain the circumstances under which Grant produced the notes in response to a subpoena from the Securities and Exchange Commission. The production of these documents at a time when he had a right to refuse under the Fifth Amendment, Grant argues, "was probative of innocence because it showed that he did not see anything incriminating in the notes."

We review evidentiary rulings for abuse of discretion. *See United States v. Dhinsa,* 243 F.3d 635, 649 (2d Cir.2001). A court abuses its discretion when its decision "cannot be located within the range of permissible decisions or is based on a clearly erroneous factual finding or an er-

---

* The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

ror of law." *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir.2007) (internal quotation marks omitted).

The district court did not abuse its discretion. Although the defense argues that the district court erroneously applied "a special standard for the admissibility of 'consciousness of innocence' evidence unsupported in this Court's decisions," namely, *United States v. Biaggi*, 909 F.2d 662, 690–91 (2d Cir.1990), we disagree. Rather, after finding the evidence relevant under Fed.R.Evid. 401, the district court properly weighed the probative value of the evidence against other countervailing considerations, such as the potential for confusion of the issues, as required by Fed.R.Evid. 403. The district court reasoned that given the numerous alternative explanations for the production of evidence, the probative value of the testimony was slight, particularly when balanced against the host of potentially confusing issues the testimony would introduce, such as ethical and legal obligations to produce documents, the Fifth Amendment, and attorney-client waiver issues. We also note here that the defendant was able to offer this evidence through other means at trial and that the district court declined to admit government evidence that would have severely damaged this defense.

Further, *Biaggi*, on which the defendant places great reliance, is distinguishable. The defendant in *Biaggi* sought to introduce evidence that he had rejected the government's immunity offer; in contrast, the defense's proffered testimony regarding the notes lacks the obvious force that made the evidence in *Biaggi* both highly relevant and highly probative under Fed. R.Evid. 401 and 403. *Id.* at 690. Moreover, there were no similar countervailing considerations at issue in *Biaggi*.

Grant also argues that the district court improperly excluded evidence that prominent law and accounting firms reviewed Refco's statements, evidence which, Grant argues, "made it seem that the company's operations were above-board, as circumstantial evidence negating knowledge." Again, we see no abuse of discretion. First, Grant was able to admit much of the evidence that the defendant now argues was precluded with respect to Mayer Brown and Refco's audit accountants. Second, although the district court did exclude evidence concerning Ernst & Young, it was for the acceptable reason that the defense had not sufficiently demonstrated the connection between this evidence and the defendant's state of mind. Further, the district court found the probative value of the evidence to have been substantially outweighed by the potential for confusing the jury.

We have considered the defendant's remaining contentions and find them without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.